Criminal Case Template








 




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



DANIEL RANDOLPH, JR.,


 Appellant,


v.


TEXACO EXPLORATION &
PRODUCTION, INC., SANDY
KHALILINIA, JACK E. WEBER, AND
BOB MAYO,


 Appellees.

§


§


§


§


§

No. 08-01-00513-CV


Appeal from the


112th District Court


of Crockett County, Texas


(TC# 99-01-06153)



MEMORANDUM OPINION


 This is an appeal from an order granting summary judgment. For the reasons that
follow, we dismiss the appeal for lack of jurisdiction. 

Procedural Background

 On January 4, 1999, Randolph brought this suit against Texaco Exploration &
Production, Inc., Sandy Khalilinia, Jack E. Weber, Bob Mayo, Linda Alsbrook, and David
Line. On July 17, 2000, the trial court granted Linda Alsbrook's motion for summary
judgment and motion to dismiss for want of prosecution. On October 31, 2001, the trial court
granted a motion for summary judgment filed by the Appellees--Texaco Exploration &
Production, Inc., Sandy Khalilinia, Jack E. Weber, and Bob Mayo. Randolph filed a notice
of appeal from this order. 

 David Line filed a motion to transfer venue on April 8, 1999. The record does not
reflect that the court ruled on this motion or that any action was taken to dispose of
Randolph's claims against Line. 

 On February 21, 2003, we notified the parties of our intent to dismiss this appeal for
lack of jurisdiction unless any party, within ten days from the date of the notice, could show
grounds for maintaining the appeal on our docket. The Appellees did not file a response. 
Randolph filed a motion for extension of time to respond. We granted the motion and gave
Randolph until March 20, 2003 to respond. To this date, Randolph has not filed his response.

Discussion

 Generally, an appeal may be taken only from a final judgment. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). "[W]hen there has not been a conventional trial on
the merits, an order . . . is not final for purposes of appeal unless it actually disposes of every
pending claim and party or unless it clearly and unequivocally states that it finally disposes
of all claims and all parties." Id. at 205. An order does not dispose of all claims and parties
merely because it is entitled "final," or because the word "final" appears elsewhere in the
order. Id. "[T]here must be some other clear indication that the trial court intended the order
to completely dispose of the entire case." Id. To determine whether an order disposes of all
parties and claims, we may examine the record and the language of the order. Id. at 195.

 In this case, there is nothing in the record to suggest that the trial court intended to
adjudicate Randolph's claims against Line. The order states that the court considered the
motion for summary judgment filed by the Appellees, thus indicating that the only matter
before the court was the Appellees' motion. The order recites that the Appellees' motion is
granted as to all of Randolph's claims and that Randolph's suit against the Appellees is
dismissed with prejudice. There is no mention of Randolph's claims against Line. Although
the order concludes by stating that it is a "final order," there is no other clear indication that
the trial court intended the order to completely dispose of the entire case and there is no
language clearly and unequivocally stating that the order finally disposes of all claims and
all parties. 

 We conclude that the summary judgment is not a final, appealable order. We
therefore dismiss this appeal for lack of jurisdiction. See Tex. R. App. P. 42.3(a),(c).

April 24, 2003


 ______________________________________

 RICHARD BARAJAS, Chief Justice



Before Panel No. 5

Barajas, C.J., Chew, and Hill, JJ.

Hill, J., sitting by assignment